IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL CAMPBELL | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | CASE NO. 4:14-CV-700 |
| | ) | |
| vs. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CULINARY MANGEMENT SYSTEMS, INC., | ) | MAGISTRATE JUDGE BURKE |
| | ) | |
| and | ) | |
| | ) | |
| ROGER L. PARSON, JR., | ) | **FIRST AMENDED COMPLAINT** |
| | ) | **WITH DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendants. | ) | |

Plaintiff, Paul Campbell ("Plaintiff"), brings this action against Defendants Culinary Management Systems, Inc. ("Defendant CMSI") and Roger L. Parson, Jr. ("Defendant Parson") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* the Ohio Minimum Fair Wage Standards Act (the Ohio Wage Act), O.R.C. 4111 *et seq.*, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as the "Ohio Acts"), and the Ohio Constitution, Oh. Const. Art. II, §34a.

**JURISDICTION AND VENUE**

1. Jurisdiction in this case is based on 28 U.S.C. § 1331. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

2. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because all or part of the events giving rise to Plaintiff's claims occurred here.

## PARTIES

4. Paul Campbell is an adult individual residing at 495 South Hillside Drive, Canfield, Ohio 44406 (Mahoning County).

5. Defendant CMSI is a privately held, for-profit corporation doing business in Ohio with its principal place of business located at 110 Javit Court, Youngstown, Ohio 44515 (Mahoning County). Defendant can be served through its statutory agent, Roger L. Parson, Jr., 4284 New Road, Austintown, Ohio 44515 (Mahoning County).

6. Defendant Parson is an individual residing at 210 Aldrich Road, Youngstown, Ohio 44515 (Mahoning County). Defendant Parson is the President of Defendant CMSI.

7. Defendants jointly operate a catering business, CMSI in Youngstown, Ohio (Mahoning County).

8. During all times material to this complaint, Defendant CMSI was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and R.C. § 4111.03(D); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

9. Based upon information and belief, Defendant CMSI's gross revenue was in excess of $500,000 per annum during all times material to this complaint.

10. During all times material to this complaint, Defendant Parson was an "employer" within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

11. During all times material to this complaint, Plaintiff was "engaged in commerce" within the meaning of 29 U.S.C. § 206 *et seq.* and 29 U.SC. § 207, and subject to the individual coverage of the FLSA.

12. During all times material to this complaint, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

13. During all times material to this complaint, Defendant Parson had significant ownership interests in Defendant CMSI.

14. During all times material to this complaint, Defendant Parson had significant operational control of all or at least significant aspects of the day-to-day operations of Defendant CMSI.

15. During all times material to this complaint, Defendant Parson personally made decisions in regards to significant aspects of the day-to-day functions of Defendant CMSI.

16. During all times material to this complaint, Defendant Parson, in addition to Defendant CMSI, had the authority to hire and fire employees, including Plaintiff.

17. During all times material to this complaint, Defendant Parson, in addition to Defendant CMSI, directly supervised Plaintiff, and controlled Plaintiff's work schedule and employment conditions.

18. During all times material to this complaint, Defendant Parson, in addition to Defendant CMSI, determined the rate and method of Plaintiff's payment.

19. During all times material to this complaint, Defendant Parson, in addition to Defendant CMSI, was responsible for maintaining employment records.

20. During all times material to this complaint, Defendant CMSI functioned largely for the profit of Defendant Parson.

## STATEMENT OF FACTS

21. Plaintiff was employed by Defendants as a cook from 2008 to approximately December 6, 2013.

22. While Plaintiff's title changed during his employment with Defendants, his primary duty did not. At all material times relevant to this complaint, Plaintiff's primary duty was cooking.

23. Plaintiff was paid an hourly rate at the beginning of his employment with Defendants of nine dollars ($9.00) per hour. In January 2010, Defendants began paying Plaintiff on a salary basis of five hundred dollars ($500) per week. At this time, Plaintiff received the title "Site Manager".

24. Although Plaintiff had a new title, his duties did not change – his primary duty was still cooking. Despite the title "Site Manager", Plaintiff did not manage or direct the work of any of Defendants' employees. Likewise, Plaintiff did not have the authority to hire or fire any employees and his recommendations regarding same were given no consideration.

25. Plaintiff worked as Defendants' salaried "Site Manager" until approximately July 2010. In this position, Plaintiff routinely worked sixty (60) hours or more per workweek. Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) in a workweek.

26. In July 2010, Defendants switched Plaintiff back to an hourly rate of ten dollars ($10.00) per hour. Plaintiff's duties did not change. His primary duty was still cooking. As before, Plaintiff did not manage or direct the work of any of Defendants' employees. Likewise, Plaintiff did not have the authority to hire or fire any of Defendants' employees and his recommendations regarding same were given no consideration.

27. Plaintiff worked as an hourly employee until approximately January 2013. Plaintiff routinely worked forty-five (45) to fifty (50) hours or more per workweek. In fact, Plaintiff was directed to work off the clock by his supervisor. Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) in a workweek.

28. On or about January 1, 2013, Defendants once again switched Plaintiff from an hourly rate to a salary basis of five hundred dollars ($500) per week. Plaintiff received the title "Production Manager". His duties again remain unchanged – his primary duty was cooking. Plaintiff did not manage or direct the work of any of Defendants' employees. Likewise, Plaintiff did not have the authority to hire or fire or any of Defendants' employees and his recommendations regarding same were given no consideration.

29. During the period of January 1, 2013 to December 6, 2013, Plaintiff worked sixty (60) hours or more per workweek. Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) in a workweek.

30. Plaintiff's employment was terminated on or about December 6, 2013.

31. Defendants have failed to pay Plaintiff for his last week of work. Moreover, Defendants issued a check dated February 21, 2011 to Plaintiff in the amount of $703.65. Unfortunately, that check bounced, leaving Plaintiff responsible for the amount of that check and several hundred dollars in bounced check fees.

32. At all times material to this complaint, Defendants have failed to pay Plaintiff for all hours worked and have failed to pay Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) in a workweek.

33. In failing to pay Plaintiff or all hours worked and by failing to pay Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) in a workweek as required by the FLSA and the Ohio Wage Act, Defendant CMSI and Defendant Parson jointly acted willfully and with reckless disregard of clearly applicable laws.

34. During all times material to this complaint, Defendant CMSI and Defendant Parson jointly misclassified Plaintiff as exempt under the FLSA and Ohio Wage Act.

35. During all times material to this complaint, Defendant CMSI and Defendant Parson jointly failed to keep adequate records of Plaintiff's hours worked.

36. During all times material to this complaint, Defendant CMSI and Defendant Parson jointly failed to pay Plaintiff for all hours worked within a particular workweek within thirty (30) days of performing the work.

37. In failing to (1) compensate Plaintiff for all hours worked, including overtime (2) keep adequate records, and (3) pay Plaintiff his wages within thirty (30) days of performing work Defendant CMSI and Defendant Parson jointly acted willfully and with reckless disregard of the FLSA, the Ohio Acts, and the Ohio Constitution.

## COUNT I
**(Alleging Violation of the FLSA)**

38. All previous paragraphs are incorporated as though fully set forth herein.

39. During all times material to this complaint, Defendants were employers within the meaning of the FLSA.

40. During all times material to this complaint, Plaintiff was an employee within the meaning of the FLSA.

41. During all times material to this complaint, Defendant CMSI was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

42. Upon information and belief, Defendant CMSI's gross revenue was in excess of $500,000 per annum during all times material to this complaint.

43. During all times material to this complaint, Plaintiff was engaged in commerce within the meaning of the FLSA.

44. Plaintiff does not qualify for an exemption from the wage and overtime obligations imposed by the FLSA.

45. At all times material to this complaint, Plaintiff was entitled to be paid at a rate of one and one-half times Plaintiff's regular rate for hours worked in excess of forty (40) per work week as mandated by the FLSA.

46. During his employment with Defendants, Plaintiff worked in excess of forty (40) hours per work week but was not compensated at a rate of one and one-half times Plaintiff's regular rate.

47. Throughout Plaintiff's employment, Defendants have known that Plaintiff was not exempt from the wage and overtime obligations imposed by the FLSA. Defendants have known that it is required to pay Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked over forty (40) in any workweek.

48. Defendant's failure to pay Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked over forty (40) per work week was willful. Because the Defendants' failure to pay such wages was willful, Plaintiff is entitled to these wages dating back three years. 28 U.S.C. § 255(a).

49. The exact amount of compensation that Defendants have failed to pay the Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants, or were not kept by Defendants.

50. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff is entitled to review their records of hours worked to determine the exact amount of overtime and minimum wages owed by Defendants. Absent Defendants keeping these records as required by law, Plaintiff is entitled to submit their information about the number of hours worked.

51. Defendants' failure to pay Plaintiff compensation for all hours worked and at the statutory overtime rate is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of FLSA. Plaintiff is therefore entitled to liquidated damages in an amount equal to the compensation and overtime which he has not been paid. 20 U.S.C. § 216(b)

52. Plaintiff has been required to file this action as the result of Defendants' actions in failing to pay them proper compensation. As such, Plaintiff is entitled to attorney fees and costs incurred. 28 U.S.C. §216(b).

## COUNT II
### (Alleging Violation of the Ohio Wage Act)

53. All previous paragraphs are incorporated as though fully set forth herein.

54. During all times material to this complaint, Defendants were employers within the meaning of the Ohio Wage Act.

55. During all times material to this complaint, Plaintiff was an employee within the meaning of the Ohio Wage Act.

56. Plaintiff does not qualify for an exemption from the wage and overtime obligations imposed by the Ohio Wage Act.

8

57. At all times material to this complaint, Plaintiff was entitled to be paid at a rate of one and one-half times Plaintiff's regular rate for hours worked in excess of forty (40) per work week as mandated by the Ohio Wage Act.

58. During his employment with Defendants, Plaintiff worked in excess of forty (40) hours per work week but was not compensated at a rate of one and one-half times Plaintiff's regular rate for hours worked in excess of forty (40) per work week.

59. Throughout his employment, Defendants have failed to pay Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked over forty (40) per work week.

60. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## COUNT III
**(Alleging Recordkeeping Violations of the Ohio Wage Act and the Ohio Constitution)**

61. All previous paragraphs are incorporated as though fully set forth herein.

62. The Ohio Constitution, Article II, § 34a requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek.  Ohio Const. Art. II, §§ 34a.

63. The Ohio Wage Act requires every employer to make and keep, for a period of not less than three years, payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. O.R.C. §§ 4111.08.

64. Defendants were covered employers required to comply with the mandates of the Ohio Constitution and the Ohio Wage Act.

65. Plaintiff was a covered employee entitled to the protection of the Ohio Constitution and the Ohio Wage Act.

66. Defendants jointly violated the Ohio Constitution and the Ohio Wage Act with respect to Plaintiff by failing to properly maintain accurate records of the actual hours Plaintiff worked each workday and within each workweek.

67. In violating the Ohio Constitution and the Ohio Wage Act, Defendants jointly acted willfully and with reckless disregard of clearly applicable Ohio Constitutional provisions and the Ohio Wage Act.

## COUNT IV
### (Alleging Failure to Pay all Wages Within Thirty (30) days of Work Being Performed in Violation of the OPPA)

68. All previous paragraphs are incorporated as though fully set forth herein.

69. Plaintiff was jointly employed by Defendants within the meaning of the OPPA.

70. Defendants were covered employers required to comply with the mandates of the OPPA.

71. The OPPA requires that Defendants pay Plaintiff all wages on or before the first day of the each month for wages earned by him during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned by him during the preceding calendar month. O.R.C. §§ 4113.15(A).

72. Plaintiff was not paid all of his wage within thirty (30) days of performing his work as mandated by the OPPA. O.R.C. §§ 4113.15(B).

73. Plaintiff's wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

74. Defendants' joint violation of the OPPA has caused Plaintiff irreparable harm for which there is no adequate remedy at law.

75. Due to Defendants' joint OPPA violations, Plaintiff is entitled to recover from Defendants all unpaid compensation, damages and/or interest for unreasonably delayed payment of wages, liquidated damages equal to six (6) percent of Plaintiff's unpaid wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to the OPPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants for an Order providing the following relief:

A. Compensatory and back pay damages to the fullest extent permitted under federal and state law;

B. Liquidated damages to the fullest extent permitted under federal and state law;

C. Litigation costs, expenses and attorneys' fees to the full extent permitted under federal and state law; and

D. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, demands a trial by jury as to all claims so triable.

Dated this 7th day of April, 2014

Respectfully submitted,

NILGES DRAHER LLC

*/s/Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
4580 Stephen Circle, N.W.
Suite 201
Canton, Ohio 44718
Telephone: (330) 470-4429
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

11

## CERTIFICATE OF SERVICE

     I hereby certify that on this 7th day of April 2014 the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              *s/ Shannon M. Draher*
                                              Shannon M. Draher
                                              *Counsel for Plaintiff*

Campbell – Amended Complaint